

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00106-CR

ELIZABETH LISA MACIAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2022J-164, Honorable Roland D. Saul, Presiding

July 7, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Elizabeth Lisa Macias, appeals from her conviction for theft of property valued at $2,500 or more but less than $30,000, aggregated from acts committed against a nonprofit organization. The jury assessed punishment at eight years of confinement and a $10,000 fine.[1] Appellant contends the evidence is legally insufficient to prove the theory the State chose to plead, that she obtained her employer's consent by deception.

---

[1] *See* TEX. PENAL CODE § 31.03(e)(4)(A), (f)(3)(B) (enhancing punishment from state jail felony to third-degree felony when the property owner is a nonprofit organization).

We agree in part. The statutory definition of deception fixes the moment of inquiry, requiring a false impression "likely to affect the judgment of another in the transaction." The manner and means the State elected to plead can therefore be satisfied only when the deceptive act precedes the owner's consent. Applying that rule, we conclude the evidence is legally sufficient to prove theft by deception as alleged in Paragraph 5 of the indictment but legally insufficient as to Paragraphs 1 through 4. Accordingly, we reform the judgment to reflect a conviction for the lesser-included offense of theft of property valued at $750 or more but less than $2,500 from a nonprofit organization, reverse the punishment assessed for the greater offense, and remand for a new punishment hearing.[2]

## BACKGROUND

Great Plains CASA for Kids, Inc., is a Deaf Smith County nonprofit that serves children in the foster-care system. CASA hired Appellant as executive director in March 2020. In that role, she had signatory authority on the organization's checking account at First National Bank of Hereford and was the authorized user of a business debit card that initially carried a daily purchase limit of $1,000. CASA's practice prohibited board members and staff from using organizational funds for personal purchases. The record contains no written policy manual detailing the day-to-day mechanics of the executive-director role.

Appellant resigned in August 2021 under board pressure. Staff and board members reviewing CASA's records afterward identified transactions that led to an

---

[2] *See Goodwin v. State*, 815 S.W.2d 586, 588 (Tex. Crim. App. 1991) (remanding for a new punishment trial after reversing five of six acts of theft, reducing the cumulative amount).

internal audit and, ultimately, a criminal referral. The amended indictment charged five acts as one scheme or continuing course of conduct:

- Paragraph 1 alleged that on August 4, 2021, Appellant used the CASA debit card to pay $600 on her personal charge account at Texas Threads in Hereford.

- Paragraph 2 alleged that on July 6, 2021, Appellant used the CASA debit card to make a $600 final payment on her personal layaway purchase of a $3,668.54 "Brown Peru" king-size bed at Accents Home Decor & Gifts in Amarillo, and later submitted a fabricated invoice to the Hereford CASA claiming the payment had been for a "desk," which was then submitted to Texas CASA for grant reimbursement.

- Paragraph 3 alleged that on August 24, 2021, Appellant used the CASA debit card to authorize $1,000 and $500 payments on two personal layaway purchases at Accents. Appellant did this after having requested and obtained a daily-limit increase from the bank from $1,000 to $5,000; she told the bank the purpose was "August items from the grant."

- Paragraph 4 alleged that on July 29, 2021, Appellant used the CASA debit card to purchase a $78.31 housewarming gift at Milk House Market in Friona for Viviana Zambrano, who had no connection to CASA.

- Paragraph 5 alleged that on November 5, 2020, Appellant obtained written permission from Mark McLarty to write a $922.20 CASA check payable to cash "to pay for pre-ordered gala liquor" from Pit Stop Liquor. The State alleged that Appellant pocketed the funds instead.

The trial court's charge repeated the indictment's allegations that Appellant committed theft by deception. The jury found Appellant guilty as charged and assessed punishment at eight years of confinement and a $10,000 fine.

**ANALYSIS**

We review the sufficiency of the evidence for a criminal conviction according to a well-established standard. *See Rios v. State*, No. 07-24-00330-CR, 2025 Tex. App.

3

LEXIS 6195, *1 (Tex. App.—Amarillo Aug. 14, 2025, no pet.) (mem. op., not designated for publication). The State must prove each essential element of an offense beyond a reasonable doubt. *Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011). On appeal, we view the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We defer to the jury's resolution of conflicting evidence and reasonable inferences. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits theft if she "unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE § 31.03(a). Appropriation is unlawful when it occurs without the owner's effective consent. *Id.* § 31.03(b)(1). Consent is not "effective" if it is:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable property dispositions;

(D) given solely to detect the commission of an offense; or

(E) given by a person who by reason of advanced age is known by the actor to have a diminished capacity to make informed and rational decisions about the reasonable disposition of property.

*Id.* § 31.01(3).

The State did not charge that Appellant used the non-profit's funds for personal purposes despite being barred from doing so. Instead, the State chose to charge that CASA's grant of permission was ineffective because Appellant induced it through

4

deception. When the State pleads a statutory alternative that narrows the manner or means by which an offense may be committed, that narrower definition becomes "the law as authorized by the indictment," requiring the State to prove the offense as pleaded. *Geick*, 349 S.W.3d at 547 ("As a general rule, the State is under no obligation to plead these more specific offenses, but . . . if the State unnecessarily chooses between statutory alternatives, it must prove what it pled."). The State thus undertook the burden to prove that Appellant used deception to induce CASA's consent for her expenditures.

Whether Appellant engaged in "deception" to induce CASA's consent is central to this appeal. As relevant here, "deception" means "creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true." TEX. PENAL CODE § 31.01(1)(A). Two aspects of that text control our analysis. First, deception requires the actor's initial creation of a false impression. Second, the statute focuses on false impressions "likely to affect the judgment of another *in the transaction*." (emphasis added). The Legislature's language, in other words, targets what the owner believed at the moment of consent. Acts to conceal what has already happened are not the deception the statute describes.

The Texas Court of Criminal Appeals confirmed this reading of the statute in *Fernandez v. State*, 479 S.W.3d 835, 838 (Tex. Crim. App. 2016). There, the Court held that to prove theft by deception, the State must show that the owner's consent to the transfer of the property was induced by deception, which necessarily means "the deceptive act must *precede the consent given*." *Id.* (emphasis added). When the State charges theft by deception, it must prove a deceptive act, then consent, then

5

appropriation, in that order. *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 660 (Tex. Crim. App. 2013) ("Deception is one method of vitiating consent that otherwise appears to be effective."); *Demond v. State*, 452 S.W.3d 435, 453 (Tex. App.—Austin 2014, pet. ref'd) (owner must have "relied on the defendant's deceptive act when giving his consent").

Because the State chose to charge only theft by deception, and did not charge that Appellant lacked consent from the outset, we assess Appellant's sufficiency challenge within that scope.

## A. THE EVIDENCE IS LEGALLY SUFFICIENT TO PROVE THAT APPELLANT OBTAINED MCLARTY'S CONSENT BY DECEPTION TO OBTAIN A CASA CHECK PAYABLE TO "CASH."

Paragraph 5 of the indictment alleged that on November 5, 2020, Appellant obtained written permission from McLarty to write a $922.20 CASA check payable to cash by representing that the funds were needed "to pay for pre-ordered gala liquor" from Pit Stop Liquor.

The trial evidence developed that allegation. On November 5, 2020, Appellant requested and obtained McLarty's authorization to write a CASA check payable to cash from CASA's fundraising account. The written permission document stated that the purpose was a "refund of purchases for gala that was canceled due to COVID," and McLarty testified that his understanding was that the cash was needed to pay for gala items that had been ordered for the canceled gala. McLarty testified that he trusted Appellant's representations and required no additional documentation before agreeing to the arrangement. Both McLarty and Appellant signed the permission document on November 5, 2020. The corresponding CASA check and check stub reflected a $922.20

6

check payable to cash for Pit Stop/preorder gala items, and the cash-out ticket showed $922.20 in U.S. currency was given to Appellant from CASA's First National Bank account at 10:22 a.m. that same day.

Although Appellant represented that the cash was necessary to pay Pit Stop, the funds never reached that destination. Pit Stop's owner, George Pacheco, testified that CASA never paid a dime on the $1,906.46 order and that he was left to absorb the inventory. Appellant did not return the $922.20 to CASA, did not re-deposit it, did not account for it, and did not produce a receipt showing the funds went elsewhere. The money simply vanished.

Viewed in the light most favorable to the verdict, that evidence permitted a rational juror to find beyond a reasonable doubt that Appellant created a false impression as to the purpose for CASA's money, that the false impression affected McLarty's judgment in authorizing the transfer, and that his consent was induced by the false impression. The deceptive act plainly preceded the consent. *See Fernandez*, 479 S.W.3d at 838. The surrounding circumstances further permitted a rational juror to infer that Appellant did not believe her stated purpose when she gave it. *See* TEX. PENAL CODE § 31.01(1)(A).

Appellant argues the evidence supports a competing conclusion, that she genuinely intended to pay Pit Stop when she requested the funds and only later decided to keep the money once the gala's cancellation confirmed the vendor would not deliver. On legal-sufficiency review, however, we do not choose between reasonable competing inferences. Our task is to determine whether the inference the jury drew was one a rational trier of fact could have reached on the evidence admitted. *See Clayton*, 235 S.W.3d at 778. It was.

7

We overrule Macias's sufficiency challenge as to Paragraph 5.

**B. THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE THAT APPELLANT INDUCED CASA'S CONSENT FOR THE PERSONAL DEBIT-CARD PURCHASES CHARGED IN PARAGRAPHS 1, 2, AND 4.**

Paragraphs 1, 2, and 4 stand apart from Paragraph 5 in a way that matters to the State's chosen theory. Each alleges that Appellant used the CASA business debit card to pay for a personal purchase. CASA had not authorized personal use of the card, and the record contains no evidence that Appellant sought or obtained permission for any of the three transactions before making them.

Paragraph 1 alleged a $600 charge to Appellant's personal Texas Threads account. Paragraph 2 alleged another $600 charge to make a payment on a layaway account for a king-size bed. Paragraph 4 alleged a $78.31 charge for a housewarming gift to an individual with no CASA connection. At the time of each transaction, Appellant's own bank accounts lacked the funds to cover the purchases. And no evidence indicates that any person authorized to act for CASA received information about, or gave permission for, these expenditures before Appellant made them.

The evidence allows a conclusion that the purchases were unauthorized. But the State's chosen theory required proof that consent was induced by deception. There is no such evidence. Appellant simply used the card in a manner CASA had not authorized. Where consent was never given, it could not be said to have been "induced by deception." *See* TEX. PENAL CODE § 31.01(3)(A); *Schuren v. State*, No. 06-18-00085-CR, 2019 Tex. App. LEXIS 2402, at *10–11 (Tex. App.—Texarkana Mar. 28, 2019, no pet.) (mem. op., not designated for publication).

The State points to Appellant's post-transaction efforts to conceal her conduct, including fabricated invoices, falsified QuickBooks entries, and efforts to obtain reimbursement from another payor. That evidence does not show deception used to induce CASA's consent for the payments. Even under the statutory prohibition against failing to correct false impressions, there must be an initial false impression affecting the owner's judgment "in the transaction." *See* TEX. PENAL CODE § 31.01(1)(B). A misrepresentation designed to conceal an already-completed appropriation does not supply proof that consent was induced by a misrepresentation. *See Fernandez*, 479 S.W.3d at 838.

Nor can the State supply the missing evidence by pointing to Appellant's role as executive director and her general representations that she was properly managing CASA's finances. Adopting that theory would collapse the distinction between theft by deception and every other employee-theft case. It would permit the State to argue, in every case involving an employee who steals from her employer, that the employee generally gave the false impression she was honest. The Legislature did not conflate the elements of the two offenses, and neither has the Court of Criminal Appeals. *See Geick*, 349 S.W.3d at 547.

When the State elected to charge Appellant with theft by deception rather than another theory of theft, we presume it did so for a reason. We cannot allow the State, on appeal, to re-theorize its case as meaning that by not obtaining consent, Appellant somehow obtained consent through deception. We sustain Appellant's evidentiary sufficiency challenge as to Paragraphs 1, 2, and 4.

9

**C. The bank-directed misrepresentation charged in Paragraph 3 does not supply the missing element.**

Paragraph 3 of the indictment warrants separate treatment because it centers on an identifiable representation by Appellant. The evidence shows that on August 23, 2021, Appellant requested a temporary daily-limit increase on the CASA debit card at First National Bank, from $1,000 to $5,000, identifying the purpose as "August items from the grant." The next day, Appellant made two payments on personal layaway purchases: $1,000 on nightstands and $500 for a chair, rug, and cowhide.

The State's theory is that the limit-increase request itself was an inducing deception, in that Appellant created a false impression about the purpose of the increase to obtain access to CASA funds for personal use. The theory fails for two reasons.

First, the representation pertained only to how much could be spent per day. The alleged theft consisted of Appellant's use of the card for personal purchases, and personal use was never permitted regardless of the daily limit. In that respect, the layaway payments were not unlike the personal purchases alleged in Paragraphs 1, 2, and 4. *See Schuren*, 2019 Tex. App. LEXIS 2402, at *10–11.

Second, and relatedly, the limit-increase request was directed to the bank, not to CASA. By statute, the consent-vitiating deception described in § 31.01(3)(A) must be directed at the party whose judgment is affected "in the transaction." A false representation to a bank officer about the reasons for raising a card limit is not the equivalent of one that induces the owner to consent to giving up property. Nothing in the record shows that Appellant obtained CASA's consent to charge $1,500, or even $1, in personal expenditures by way of any misrepresentation made to CASA. Her lack of

10

authority to use the card for personal purposes was the same whether she made the charges in one day or over two.

We sustain Macias's sufficiency challenge as to Paragraph 3.

**REFORMATION AND REMAND**

Our sufficiency holdings dictate the disposition. When an appellate court concludes the evidence is legally insufficient to sustain a conviction on the charged offense, it must reform the judgment to reflect a conviction on a lesser-included offense when two conditions are met: (1) the jury necessarily found every element of the lesser-included offense in convicting on the charged offense, and (2) the evidence is legally sufficient to support the lesser-included conviction. *See Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014); *Bowen v. State*, 374 S.W.3d 427, 431–32 (Tex. Crim. App. 2012).

Both conditions are met. Paragraph 5 alleged appropriation of "U.S. currency of the value of $750 or more, but less than $2,500" from a nonprofit corporation. In returning a guilty verdict on the aggregated charge, the jury necessarily found the elements of that discrete paragraph, including the identity of the owner, the value, the nonprofit status, and the deceptive inducement of consent. The evidence supports a finding beyond a reasonable doubt that Appellant committed theft of property valued at $750 or more but less than $2,500. Section 31.03(f)(3)(B) elevates that offense from a Class A misdemeanor to a state jail felony because the property was taken from a nonprofit organization.

11

Reformation is therefore appropriate. We reform the judgment to reflect a conviction for theft of property valued at $750 or more but less than $2,500 from a nonprofit organization, a state jail felony. *See* TEX. PENAL CODE § 31.03(e)(3)(A), (f)(3)(B).

The punishment ranges differ materially. A state jail felony carries 180 days to 2 years of confinement in a state jail facility, plus a fine not to exceed $10,000. *Id.* § 12.35(a), (b). A third-degree felony carries two to ten years of confinement, plus a fine not to exceed $10,000. *Id.* § 12.34. Because the jury assessed punishment outside the range now applicable, we cannot reform the punishment consistent with the jury's verdict. Remand for a new punishment hearing is required. *See* TEX. CODE CRIM. PROC. art. 44.29(b); *Thornton*, 425 S.W.3d at 307.

One matter remains. The State argues in the alternative that any evidentiary insufficiency was harmless under Rule 44.2 of the Texas Rules of Appellate Procedure. We take the argument to be made out of caution rather than conviction, because its logical endpoint cannot be defended. A holding that the evidence is legally insufficient is not an "error" susceptible to harm analysis. It is a determination that the State's constitutional burden of proof was not met. The State's argument, taken to its terms, would mean that no harm results when a defendant serves additional years of confinement for offenses the State did not prove beyond a reasonable doubt. We do not read the State to embrace that proposition, and we decline any invitation to adopt it.

## CONCLUSION

We overrule Appellant's sufficiency challenge as to Paragraph 5 and sustain her challenges as to Paragraphs 1, 2, 3, and 4. The judgment is reformed to reflect a

12

conviction for theft of property valued at $750 or more but less than $2,500 from a nonprofit organization, a state jail felony. The cause is remanded to the trial court for a new punishment hearing consistent with this opinion.

Lawrence M. Doss
Justice

Do not publish.